UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES G. BARRETT,<br><br>                      Plaintiff,<br><br>v.<br><br>UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF CALIFORNIA; SALTON SEA ESTATES III, LLC,<br><br>                      Defendants. | Case No.: 24cv1470-CAB-MSB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2] AND DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. SECTION1915(e)(2)(B)(ii)** |

This Order addresses Plaintiff's motion to proceed *in forma pauperis* ("IFP"). [Doc. No. 2.] The Court **GRANTS** Plaintiff's IFP motion and, after screening the Complaint, **DISMISSES** the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I. MOTION TO PROCEED IFP

"Plaintiffs normally must pay $350 to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee, for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A court may authorize the commencement of a suit without prepayment of fees if a plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay the filing fee. 28 U.S.C. § 1915(a). The

determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide himself and dependents with the necessities of life." *Id*. at 339.

Plaintiff submits an affidavit indicating he and his spouse have retirement income of approximately $1595 per month and expenses of $1325 per month, and $46 in their checking account. [Doc. No. 2 at 2-5.] The Court finds that the affidavit sufficiently shows that Plaintiff is unable to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP pursuant to 28 U.S.C. §1915(a).

II. INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court is obligated to screen all cases filed IFP pursuant to 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Under that provision, the Court "shall dismiss" the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks relief against a defendant who is immune from such relief.

The complaint purports to be one for declaratory relief against the United States Bankruptcy Court for the Southern District of California, and Salton Sea Estates III, LLC. However, the complaint fails to state a claim for several reasons. First, the United States Bankruptcy Court is absolutely immune from suit under the doctrine of sovereign immunity. *Mullis v. United States Bankruptcy Court for the Dist. Of Nev.*, 828 F.2d 1385, 1387 (9th Cir. 1987). Second, while somewhat unclear, it appears that Plaintiff is questioning actions taken by the bankruptcy court. There are procedures for appealing a bankruptcy court decision (*see e.g.* Fed.R.Bankr.P. 8001 et seq.), but filing a complaint for declaratory relief against the bankruptcy court is not one of them. Moreover, the

bankruptcy debtor was Plaintiff's wife (Torri Elyn Barrett) and, therefore, she would be the appropriate appellant/plaintiff in any bankruptcy appeal. *See Simon v. Harford Life, Inc.*, 546 F.3d 661, 664-665 (9th Cir. 2008) ("the privilege to represent oneself *pro se* provided by [28 U.S.C. ] §1654 is personal to the litigant and does not extend to other parties or entities.") Finally, to the extent Plaintiff requests this Court intervene in a pending state court action, it is prohibited from doing so by various doctrines of abstention. *See e.g.* 28 U.S.C. §2283; *California v. IntelliGender, LLC*, 771 F.3d 1169, 1176 (9th Cir. 2014).[1]

Thus, for the reasons set forth above, the complaint is **DISMISSED** for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915(e)(2)(B)(ii); *Calhoun*, 254 F.3d at 845.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to proceed IFP is **GRANTED** and the Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**IT IS SO ORDERED**.

Dated: August 23, 2024

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court also declines to issue any advisory opinions. *See Linger v. Conan Doyle Estate, Ltd.*, 755 F.3d 496, 498-499 (7th Cir. 2014) (although "[i]t would be very nice to be able to ask federal judges for legal advice . . . advisory jurisdiction . . . is . . . inconsistent with Article III's limitation of federal jurisdiction to actual disputes." (internal citations omitted)).